UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HILTON,

    Petitioner,

        v.                                  CAUSE NO. 3:20-CV-191-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Christopher Hilton petitioned this court for a writ of habeas corpus, challenging his disciplinary proceeding (MCF 19-06-0798) at the Miami Correctional Facility. On June 29, 2020, the Court dismissed the petition as moot because the Indiana Department of Correction had vacated his guilty finding and sanctions. Mr. Hilton now filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3), asking that his petition be reinstated. He believes that the Warden committed fraud on the Court by omitting to disclose that Mr. Hilton's job as an inspector hasn't been restored following the dismissal of the disciplinary charges.

Rule 60(b)(3) allows the Court to set aside judgment that has been corrupted by "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Here, however, the Warden did nothing to warrant setting aside judgment. As Mr. Hilton himself acknowledges, after he filed the habeas corpus petition, the Indiana Department of Correction dismissed the disciplinary charge against him and restored his earned-time credit. With that, Mr. Hilton's habeas corpus

petition became moot because habeas corpus petitions are meant to challenge only the fact or duration of imprisonment. Nothing else pertains to a habeas corpus petition. Therefore, the conditions of Mr. Hilton's confinement, such as his employment status, cannot be challenged in a habeas corpus petition. *See Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000) (recognizing habeas as a means of challenging only the fact or duration of custody). If Mr. Hilton believes that he was not reinstated to his previous job in violation of the Constitution, he must file a 42 U.S.C. § 1983 lawsuit instead. *See Moran*, 218 F.3d at 651.

For these reasons, the Court denies Mr. Hilton's Rule 60(b)(3) motion (ECF 11.)

SO ORDERED on July 31, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT